IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

|  |  |
|---|---|
| GAYLE BROCK,<br><br>        Plaintiff,<br><br>  v.<br><br>COUNTY OF NAPA and DOES 1<br>through 50 inclusive,<br><br>        Defendants. | Case No.: C-11-0257 SBA (JCS)<br><br>**ORDER DENYING PLAINTIFF'S<br>MOTION FOR SANCTIONS** |

## I.    INTRODUCTION

Plaintiff Gayle Brock ("Plaintiff") filed a Motion for Sanctions ("Motion") against Defendant County of Napa ("Defendant"), alleging that Defendant violated its discovery obligations. Defendant opposes the Motion.  The Court finds that the Motion is suitable for determination without oral argument pursuant to Civil Local Rule 7–1(b).  Accordingly, the hearing on the Motion set for Friday, July 20, 2012, at 9:30 a.m. is VACATED.  For the reasons stated below, the Motion is DENIED.

United States District Court
Northern District of California

## II.    BACKGROUND

### A.    The Motion

Plaintiff's Motion alleges that sanctions are warranted due to 1) Defendant's failure to timely disclose documents sought by Plaintiff, and 2) Defendant's destruction of evidence.  Motion at 3-5.

Plaintiff asserts that on March 28, 2012—during expert discovery but two months after the close of all other discovery—Defendant produced its "Third Supplemental Disclosures," which included a March 2, 2009 Corrections Housing Classification Form ("March Classification Form") for Plaintiff's deceased son, Theodore Scott Mostek, and training materials for the officers who responded when Mosetk's body was found in his cell on March 20, 2009.  *Id.* at 5-6, 7-8.  Regarding the March Classification Form, Plaintiff asserts that the form should have been revealed in Plaintiff's initial disclosures, which already included documents related to Mostek's housing file.  *Id.* at 11. Additionally, Plaintiff states that the March Classification Form should also have been disclosed in response to Plaintiff's request for production of documents ("RFP").  *Id.* at 6.  The relevant request reads as follows: "Please produce any and all RECORDS in YOUR possession[,] custody or control, made by COUNTY STAFF that specifically refer to decedent Mostek (including but not limited to emails, notes, and other correspondence to and from COUNTY STAFF)."  Declaration of Jesse S. Turner in Support of Motion for Sanctions ("Turner Decl."), Ex. D, 3.  On October 19, 2011, after voicing its objections to the request, Defendant stated that "it previously produced all non-privileged records pertaining to Mostek's March 2009 incarceration at the Napa County Jail."  *Id.*

Plaintiff contends that the March Classification Form supports her case and is "perfectly consistent with the allegations" of her complaint since it shows that Defendant knew of Mostek's mental condition prior to his suicide while in custody.  Motion at 6.  Plaintiff alleges that Defendant only disclosed the existence of the form during the deposition of Plaintiff's jail management expert Jeff Hilsop, when it became apparent to Defendant that the absence of the March Classification Form would constitute a "*per se* breach of the standard of care."  *Id.* at 5.  Plaintiff asserts that "it was now clearly better to produce the document and 'explain' its contents than to face the standard of care issue without it."  *Id.* at 6.

United States District Court
Northern District of California

Plaintiff argues that Defendant should be excluded from using the March Classification Form at trial since Defendant's counsel made an "improper certification" of Defendant's initial disclosures and its response to Plaintiff's RFP.  *Id.* at 9-11 (citing, *inter alia*, Fed. R. Civ. P. 26(g)(1)(A) & (g)(3)).  Plaintiff asserts that the improper certifications were not "substantially justified" since Defendant's counsel's reason for nondisclosure was entirely strategic and it knew of the existence of the form when it was obligated to produce it.  *Id.* at 12.  Plaintiff also requests that this Court make findings of fact as to when Defendant became aware of the March Classification Form.  *Id.* at 17.

Regarding the training materials, Plaintiff argues that Defendant should also be precluded from using these documents at trial since their nondisclosure cannot be shown to be substantially justified or harmless.  *Id.* at 12-14 (citing *Kempf v. Barrett Business Servs., Inc.*, 336 Fed. Appx. 658 (9th Cir. 2009)).  Plaintiff appears to argue that Defendant was required to produce the training materials in its initial disclosures prior to the close of discovery.  *Id.* at 14.  Plaintiff contends that Defendant was aware that officer training was at issue in this case because Plaintiff's claim of deliberate indifference is "often closely linked to proof that the government failed to adequately train its officers."  *Id.* at 13-14 (citing, *inter alia*, *Long v. County of Los Angeles*, 442 F.3d 1178 (9th Cir. 2006)).  Additionally, Defendant was on notice that officer training was an issue given that Plaintiff posed training questions to each officer deposed.  *Id.* at 14.

Plaintiff claims she is prejudiced by the late disclosure of the training documents because she "needs to have adequate time to investigate" further discovery arising out of the training materials, including deposing each of the persons mentioned in the materials.  *Id.* at 15.  Plaintiff asserts that she is further prejudiced by Defendant's "limited" proposal to continue discovery in light of the new materials.  *Id.*

Finally, Plaintiff asserts that Defendant wrongfully destroyed Mostek's January 2009 Housing Classification Form ("January Classification Form") and requests that this Court grant a default in Plaintiff's favor as a sanction.  *Id.* at 16-17.  Plaintiff also appears to suggest that Defendant may not have actually destroyed the January 2009 form and is instead concealing it from Plaintiff.  *Id.* at 17.  Plaintiff requests that this Court "do findings of fact" regarding the alleged destruction of this form.  *Id.*

United States District Court
Northern District of California

**B.      The Opposition**

In response, Defendant first argues that the Motion should be denied because Plaintiff has not followed this Court's required procedures relating to discovery disputes.  Defendant County of Napa's Opposition to Plaintiff's Motion for Sanctions ("Opposition"), 11.  Specifically, Defendant contends that this Court's prior orders require that the parties arrange an in-person meet and confer prior to seeking relief from the Court.  Opposition at 11 (citing Notice of Reference and Order re Discovery Procedures, Dkt. No. 18).  If any dispute still remains following the meet and confer, the issues must be presented to the Court in the form of a joint letter from the parties.  *Id.*  Defendant contends that Plaintiff prematurely abandoned efforts to resolve this dispute and filed the present Motion without regard to this Court's required procedures.  *Id.*

Defendant next argues that sanctions are not warranted because it has complied with its disclosure obligations under Rule 26 of the Federal Rules of Civil Procedure.  *Id.*  Defendant states that Rule 26 obligates a party to disclose only those witnesses and documents that the disclosing party may use to support its claims or defenses; a party is not obligated to disclose witnesses or documents that it does not intend to use.  *Id.* (citing Fed. R. Civ. P. 26 advisory committee's note).  Regarding the officer training materials, Defendant asserts that those documents were not disclosed until the Third Supplemental Disclosure because officer training had not been identified as an issue "until experts were disclosed and Mr. Hilsop's deposition was taken."  *Id.* at 12.  Prior to expert discovery, any claims alleging inadequate training were directed at mental health staff, not correctional officers.  Accordingly, Defendant concludes, the training materials were not disclosed earlier because Defendant did not know that officer training was going to be an issue in this case.  *Id.* at 13.

Defendant also contends that sanctions are not warranted with respect to the March Classification Form because the failure to produce it was inadvertent and the form only came to Defendant's attention during expert discovery.  *Id.* at 13-14.  Moreover, Defendant contends that its initial disclosures, which identified "documents pertaining to Mostek's incarceration at the Napa County Jail from March 2, 2009 to March 20, 2009," encompassed the March Classification Form.  *Id.* at 13.  Defendant argues that Rule 26 does not require it to turn over the actual document.  *Id.*

United States District Court
Northern District of California

1   Defendant further contends that Mostek's initial March 2, 2009 housing assignment was not an issue

2   in this case until Mr. Hilsop's deposition, when he took the "extreme position" that Mostek's

3   housing throughout his incarceration was improper, not just his transfer to solitary confinement prior

4   to his death on March 20, 2009.  *Id.* at 13-14.

5            Even if it did fail to comply with its discovery obligations, Defendant maintains that

6   sanctions are still not warranted because the failure to produce the documents earlier was

7   substantially justified and harmless.  *Id.* at 14 (citing Fed. R. Civ. P. 37(c)(1)).  Defendant states that

8   nondisclosure was substantially justified because once it became aware that officer training was at

9   issue, it disclosed officer training materials; and when it discovered that the March Classification

10  Form had been omitted from the initial production, Defendant immediately disclosed the form.  *Id.* at

11  14-15.

12           The disclosures were also harmless, Defendant asserts.  *Id.* at 15.  Defendant appears to argue

13  that, at least with respect to the March Classification Form, Plaintiff already had information related

14  to "classification policies and procedures," "housing process," and "[t]he underlying information

15  that is specific to Mostek's risk factors . . . his multiple felony convictions and the fact that he had

16  been placed in a Safety Cell during his January 2009 incarceration."  *Id.*  Defendant further argues

17  that Plaintiff broke off talks with Defendant to reopen discovery to allow Plaintiff to obtain

18  additional discovery related to the recently disclosed documents.  *Id.* at 15-16.  These offers—which

19  included written discovery requests and at least one deposition—were made approximately four

20  months before trial and "could have been completed within a short period of time."  *Id.* at 15.

21  Defendant contends that discussions with Plaintiff regarding this additional discovery were hindered

22  by Plaintiff's inability to describe the nature or scope of the additional discovery Plaintiff desired.

23  *Id.* at 15-16.  Defendant concludes that it "should not be sanctioned where [P]laintiff has made no

24  effort to take further discovery that the County has agreed to allow."  *Id.* at 16.

25           Finally, Defendant rejects Plaintiff's contention that sanctions are warranted for Defendant's

26  destruction of the January Classification Form.  *Id.*  Specifically, Defendant argues sanctions are not

27  warranted because it was not on notice that the January Classification Form was relevant to a claim

28  or potential claim when it was destroyed because the destruction occurred within a week after

5

1   Mostek was released from jail at the end of January 2009; the claims in this case arose only after

2   Mostek's suicide on March 20, 2009.  *Id.* at 16-17 (citing, *inter alia*, *In re Napster, Inc. Copyright*

3   *Litig.*, 462 F. Supp. 2d 1060, 1068 (N.D. Cal. 2006)).  Furthermore, the destruction of the form was

4   consistent with Defendant's document retention policy, therefore precluding a claim of spoliation.

5   *Id.* at 17-18 (citing *United States v. $40,955.00 in U.S. Currency*, 554 F.3d 752, 758 (9th Cir. 2009);

6   *Akiona v. U.S.*, 938 F.2d 158, 161 (9th Cir. 1991); *United States v. Kitsap Physicians Servs.*, 314

7   F.3d 995, 1001 (9th Cir. 1996)).  Defendant contends that default judgment and attorney's fees are

8   not warranted as sanctions since Plaintiff has not made a showing that Defendant destroyed the

9   document in bad faith.  *Id.* at 18-19 (citing *Leon v. IDX Systems Corp.*, 464 F.3d 951, 959 (9th Cir.

10  2006)).

11        **C.      The Reply**

12        In its Reply, Plaintiff contends that the failure to disclose the March Classification Form

13  cannot be excused on the basis that the failure was harmless.  Plaintiff's Reply in Support of Motion

14  for Sanctions ("Reply"), 4.  Plaintiff argues that sanctions are required where an "improper

15  certification" is made without "substantial justification."  Reply at 4 (citing Fed. R. Civ. P.

16  26(g)(1)(A) & (g)(3)).  Plaintiff states that because Defendant knew the form existed and did not

17  disclose it, yet verified that it had provided "all documents," Defendant's initial disclosures from

18  May 2011 and its responses to Plaintiff's RFP were falsely certified.  *Id.* at 6.  In contrast to her

19  Motion, which sought to exclude the late-disclosed evidence, Plaintiff's Reply appears to request

20  only a sanction instructing the jury that it may draw an adverse inference from the form's "curiously

21  late production."  *Id.*  Additionally, Plaintiff's Reply does not dispute Defendant's arguments

22  regarding the disclosure of the officer training materials.

23  **III.     ANALYSIS**

24        **A.      Whether Defendant Violated Rule 26(g) and, if so, What Sanctions Are
25                 Warranted**

26             **1.       Background Law**

27        Rule 26(g)(1) of the Federal Rules of Civil Procedure holds that, by signing a disclosure

28  under Rule 26(a)(1) or (a)(3), or a discovery request, response, or objection, "an attorney or party

United States District Court
Northern District of California

certifies that to the best of the person's knowledge, information, and belief formed after a reasonable inquiry[ ]" that the response is consistent with the rules and warranted by existing law or non-frivolous argument, is not interposed for any improper purpose, and is neither unreasonable, nor unduly burdensome or expensive.  "The rule simply requires that the attorney make a reasonable inquiry into the factual basis of his response, request, or objection."  Advisory Comm. Note to Rule 26(g).  "If a certification violates this rule without substantial justification, the court . . . must impose an appropriate sanction on the signer, the party on whose behalf the signer was acting, or both."  Fed. R. Civ. P. 26(g)(3).  "The sanction may include an order to pay the reasonable expenses, including attorney's fees, caused by the violation."  *Id.*

The Court applies an objective standard in determining whether an attorney or party violated Rule 26(g)(1).  *Oregon RSA No. 6 v. Castle Rock Cellular Ltd. P'ship*, 76 F.3d 1003, 1007 (9th Cir. 1996) (citing *Zimmerman v. Bishop Estate*, 25 F.3d 784, 790 (9th Cir. 1994)).  "The reasonableness of the inquiry is measured by an objective standard; there is no required showing of bad faith."  *Nat'l Ass'n of Radiation Survivors v. Turnage*,  115 F.R.D. 543, 555 (N.D. Cal. 1987).  The Court, therefore, considers the question from the perspective of a reasonable person.  *See G.C. & K.B. Invs., Inc. v. Wilson*, 326 F.3d 1096, 1109 (9th Cir. 2003).

### 2.    Application of Law to Facts

Plaintiff argues that because Defendant failed to disclose the March Classification Form in its initial disclosures and in its response to Plaintiff's RFP, Defendant improperly certified both discovery responses.[1]  Regarding Defendant's initial disclosures, the relevant part of Rule 26(a)

---

[1]  Although Plaintiff's Motion also appears to argue that Defendant's allegedly late disclosure of the officer training materials warrants sanctions under Rule 26(g) as well as Rule 37(c)(1), Plaintiff does not respond in its Reply to Defendant's arguments that such sanctions are not warranted.  Nor does her Reply even indicate that she is still seeking sanctions for the late disclosure of the training materials.  Accordingly, the Court finds that Plaintiff has implicitly abandoned her arguments regarding the officer training materials and the Court will not grant sanctions for their

Even if the Court were to rule on this issue, there was no violation and no sanctions are warranted.  Rule 26(g) was not violated because it was not apparent that officer training was an issue until expert discovery and because Plaintiff never asked for such materials in her RFP.  Regarding Rule 37, since Defendant's failure to disclose the materials did not violate Rule 26, no basis for Rule 37 sanctions exists.  Even if there was a violation, it appears the violation was harmless, which would preclude sanctions under Rule 37.  *See* Fed. R. Civ. P. 37(c)(1).

1   requires that "a copy—or a description by category and location—of all documents, electronically

2   stored information, and tangible things that the disclosing party has in its possession, custody, or

3   control and may use to support its claims or defenses, unless the use would be solely for

4   impeachment." Fed. R. Civ. P. 26(a)(1)(ii).  The Court finds that Defendant's initial disclosures are

5   consistent with Rule 26 because the disclosures include a category of documents in which the March

6   Classification Form may be included.  Specifically, the initial disclosures reveal that Defendant

7   possesses "[d]ocuments pertaining to Mostek's incarceration at the Napa County Jail from March 2,

8   2009 to March 20, 2009 . . . ."  Declaration of Terry S. Sterling in Support of Defendant's

9   Opposition to the Motion, Ex. A (Defendant's Initial Disclosures), 2.  Contrary to Plaintiff's

10  suggestion, Rule 26(a)(1)(ii) does not require Defendant to actually produce the March

11  Classification Form in its initial disclosures.  Because the initial disclosures do not violate Rule 26,

12  the initial disclosures were not improperly certified.

13         Whether Defendant's response to Plaintiff's RFP violated Rule 26(g) is a closer question.

14  The relevant request reads as follows: "Please produce any and all RECORDS in YOUR

15  possession[,] custody or control, made by COUNTY STAFF that specifically refer to decedent

16  Mostek (including but not limited to emails, notes, and other correspondence to and from COUNTY

17  STAFF)."  Turner Decl., Ex. D, 3.  On October 19, 2011, after voicing its objections to the request,

18  Defendant stated that "it previously produced all non-privileged records pertaining to Mostek's

19  March 2009 incarceration at the Napa County Jail."  *Id.*  Defendant concedes that it did not produce

20  all such records.

21         The question for this Court, then, is whether the erroneous response was made without a

22  "reasonable inquiry" into whether all the requested documents were produced.   Fed. R. Civ. P.

23  26(g)(3).  Defendant, however, does not provide the Court with any information indicating that its

24  attorneys engaged in a reasonable inquiry in responding to Plaintiff's RFP.  Defendant simply states

25  that its failure to produce the March 2 Classification Form was due to an "oversight" when

26  Defendant was compiling documents to send to its attorneys at the beginning of this case.

27  Opposition at 14.  The form came to the attention of Defendant's attorneys only during expert

28  discovery, when Defendant's attorneys saw the form during a meeting with Defendant's corrections

United States District Court
Northern District of California

expert at Defendant's offices.  While the Court has no basis to question Defendant's assertion that the omission was inadvertent, Rule 26(g) does not require an intentional violation.  *See Turnage*, 115 F.R.D. at 555; *see also Fjelstad v. Am. Honda Motor Co., Inc.*, 762 F.2d 1334, 1343 (9th Cir. 1985) ("We consistently have held that sanctions may be imposed even for negligent failures to provide discovery.").  Defendant's counsel provides no information concerning its process in obtaining documents from Defendant and responding to Plaintiff's RFP.  *See* Advisory Committee Notes to 1983 Amendment to Fed. R. Civ. P. 26(g) ("[T]he signature certifies that the lawyer has made a reasonable effort to assure that the client has provided all the information and documents available to him that are responsive to the discovery demand.").  Because the Court cannot conclude that Defendant's attorneys made a "reasonable inquiry" in responding to Plaintiff's RFP, the Court finds that Defendant violated Rule 26(g).

Additionally, because Defendant has not shown that the failure to make a reasonable inquiry was substantially justified, the Court "must impose an appropriate sanction . . . ."  Fed. R. Civ. P. 26(g)(3).  Although Plaintiff proposed an evidentiary preclusion sanction in her Motion, her Reply only asks for attorney's fees and "an instruction that the jury may draw an adverse inference from its curiously late production."  Reply at 6.  The Court finds that a sanction permitting an adverse inference would be inappropriate.  Plaintiff's requested sanction is an invitation for the jury to speculate as to whether Defendant concealed evidence; however, the Court finds no basis for such speculation.

Plaintiff also requests attorney's fees, which, along with reasonable expenses, may be included as a sanction under Rule 26(g) if they were caused by the violation.  *See* Fed. R. Civ. P. 26(g)(3).  Plaintiff, however, has not presented any fees or costs incurred as result of Defendant's violation other than the present Motion itself.  Indeed, after receiving the late-produced March Classification Form, Plaintiff's counsel initially insisted to Defendant that additional discovery would need to occur as a result of the late production, but Plaintiff has not asked Defendant or this Court to reopen limited discovery on the issues arising from the March Classification Form.  Rather, Plaintiff filed this Motion seeking evidentiary sanctions and attorney's fees for bringing the Motion.  While the Court would be inclined to order Defendant to pay Plaintiff's costs and fees incurred

United States District Court
Northern District of California

1  conducting this additional discovery, Plaintiff has not taken any such discovery.  Given this lack of

2  pursuit, the Court finds that awarding Plaintiff attorney's fees for bringing the Motion would be

3  inappropriate.  Awarding attorney's fees in this situation—where Plaintiff is not seeking to recover

4  *any* other costs or fees incurred as a result of the violation—creates an incentive for litigants to file

5  sanctions motions instead of working with opposing counsel to remedy the late disclosure with

6  minimal Court involvement.

7      Accordingly, the Court finds that no appropriate sanctions are warranted at this time.[2]

8  **B.      Whether Defendant's Destruction of Evidence is Grounds for Sanctions**

9      **1.      Background Law**

10     Under its inherent power to control litigation, a district court may levy sanctions, including

11 dismissal of the action, for spoliation of evidence.  *Leon v. IDX Sys. Corp.*, 464 F.3d 951, 958 (9th

12 Cir. 2006) (citing *Anheuser-Busch, Inc. v. Natural Beverage Distribs.*, 69 F.3d 337, 348 (9th Cir.

13 1995)); *United States v. $40,955.00 in U.S. Currency*, 554 F.3d 752, 758 (9th Cir. 2009).  However,

14 sanctions may issue only when a party had some notice that the evidence was potentially relevant.

15 *See Leon*, 464 F.3d at 959; *United States v. Kitsap Physicians Serv.*, 314 F.3d 995, 1001 (9th Cir.

16 2002); *see also Akiona v. United States*, 938 F.2d 158, 161 (9th Cir. 1991).  A party does not engage

17 in spoliation when, without notice of the evidence's potential relevance, it destroys the evidence

18 according to its policy or in the normal course of its business.  *See Kitsap Physicians*, 314 F.3d at

19 1001-02 (affirming the district court's finding of no spoliation when potentially relevant documents

20 were destroyed in the defendants' normal course of business).

21     **2.      Application of Law to Facts**

22     The Court denies Plaintiff's request to sanction Defendant for destroying the January

23 Classification Form.  Defendant states that, consistent with its document retention policy, the

24 January Classification Form was destroyed within a week of the Mostek's release on January 19,

---

26  [2]  Even if an appropriate sanction existed, the Court would nonetheless deny the Motion due

27 to its failure to conform to this Court's discovery dispute procedures.  Defendant is correct in
contending that Plaintiff's Motion should be in the form of a joint letter to the Court and should have
been preceded by an in-person meet and confer.  Opposition at 11 (citing Notice of Reference and
Order re Discovery Procedures, Dkt. No. 18).  Because these prerequisites to the Motion did not

28 occur, the Court denies Plaintiff's Motion on this additional basis.

2009.  The claims at issue in this case did not arise until Mostek's death on March 20, 2009.

Plaintiff does not dispute these facts and instead appears to suggest that the January Classification

Form is not destroyed and is being concealed by Defendant.  Plaintiff's request to have this Court do

findings of fact into the "allegedly destroyed" form is baseless and rejected by the Court.  Because

Defendant destroyed the January Classification Form without notice of the evidence's potential

relevance, sanctions for the destruction are not warranted.

**IV.     CONCLUSION**

     For the reasons stated, Plaintiff's Motion for Sanctions is DENIED.

     IT IS SO ORDERED.

Dated: July 16, 2012

_____

JOSEPH C. SPERO
United States Magistrate Judge

United States District Court
Northern District of California